## Burkhart v. Leeper

*Charles H. Weidner*, for plaintiffs.

*Robert I. Cottom*, for defendant.

HESS, P. J., January 11, 1967.—Plaintiffs are Levi Burkhart and Ann Elizabeth Burkhart, husband and wife, and Kramer D. Arnold, guardian of the estate of David Frederick Burkhart, minor son of the adult plaintiffs. They have instituted in this court a trespass action to recover damages against Ronald Leeper, defendant, arising out of an automobile accident which occurred in Berks County on February 5, 1962. One day prior to filing this suit, the guardian for minor plaintiff started an action arising out of the same facts in the United States District Court for the Eastern District of Pennsylvania. After the case in this court was ordered for trial at October term, 1966, counsel for minor plaintiff discontinued the present suit for the minor. Defendant has filed a motion to strike off the discontinuance in view of the fact that the suit filed by the parents remains to be tried here. He alleges that

under the Pennsylvania Rules of Civil Procedure, the discontinuance was improper and, unless stricken, would cause substantial expense, annoyance and harassment to require him to defend suits in two courts. Minor plaintiff, who has now attained his majority, contends that he has the right to choose the forum in which he desires to litigate his claim.

Pa. R.C.P. 2228(b) requires that the causes of action for the parents and child ". . . shall be enforced in one action. . . ." The rule, of course, only applies to cases instituted in the State courts, and in no way affects the suit brought in the United States District Court. Plaintiff cites the case of Davis v. Caruso, 60 Schuyl. 65, where the court refused to order minor plaintiff's suit to be joined with the parents' suit in Schuylkill County when it appeared that an action for the minor's damages had already been filed in the Federal court. We recognize the soundness of the opinion of our sister court, but find that it is not here applicable. The guardian for the minor chose to join the action for the child with the suit for the parents, as rule 2228(b) requires. This was done in spite of the fact that a case was also commenced for the minor in the Federal court. Having filed in this court, we will not permit the discontinuance, especially in view of the fact that defendant prepared for trial and listed the case for trial before the purported discontinuance. In our opinion, the facts of the instant case require us to take this position ". . . to protect the rights of . . . [the defendant] from unreasonable inconvenience, vexation, harassment, expense or prejudice": Pa. R.C.P. 229(c). Our ruling in no way attempts to interfere with the jurisdiction of the United States District Court. Two suits have been filed in behalf of minor plaintiff. We are deciding that under the present circumstances, we will not permit the one filed in this court to be discontinued.

And now, January 11, 1967, the rule issued is made absolute, and the discontinuance entered in the above captioned suit in behalf of minor plaintiff, David Frederick Burkhart, is stricken.